# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-00319-CR-RK |
| | ) | |
| GUILLERMO ZAMORA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's pro se motion for compassionate release filed pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). (Doc. 27.) Defendant seeks compassionate release on the basis of certain medical conditions and because of the on-going COVID-19 pandemic and, particularly, the Delta strain of COVID-19. The Government initially opposes Defendant's motion because he has failed to exhaust administrative remedies as required by statute. (Doc. 28.) Defendant did not file a reply.

Section 3582(c)(1)(A) provides a court may only modify a term of imprisonment once it has been imposed if it makes certain findings,

> upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.</u>

(Emphasis added.) The Eighth Circuit has held the exhaustion requirement that applies to motions for compassionate release filed by defendants (rather than the Director of the Bureau of Prisons) "is a mandatory claim-processing rule" that "must be enforced so long as the [Government] properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (citing *Manrique v. United States*, 581 U.S. ___, 137 S. Ct. 1266, 1272 (2017)).

A defendant may satisfy the exhaustion rule by either: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the prisoner's facility." *Id.* at 1083-84 (citation and quotation marks omitted). A defendant moving for compassionate release under § 3582(c)(1)(A) bears the burden of proving he has satisfied the statute's exhaustion

requirement.  *See, e.g.*, *United States v. Samori*, No. 4:15CR229 HEA, 2020 WL 7770834, at *1 (E.D. Mo. Dec. 3, 2020); *United States v. James*, No. 13-85, 2020 WL 4676292, at *4 (E.D. La. Aug. 12, 2020); *United States v. McDonald*, No. 94-cr-20256-1, at *3 (W.D. Tenn. June 8, 2020) (citing *United States v. Ebbers*, No. 02-cr-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020)); *but see United States v. Cardena*, 461 F. Supp. 3d 798, 802 (N.D. Ill. 2020) (the government has the burden of proof regarding the exhaustion requirement as an affirmative defense).

In his motion, Defendant states:  "Petitioner has wrote the B.O.P. in Victorville, and the 30 days has lapsed; Petitioner did that on 8-7-2021, and this is why Petitioner now comes to this Court[.]"  (Doc. 27 at 3.)  Defendant has not presented any evidence, however, to support his assertion he submitted a request to the Bureau of Prisons on August 7, 2021, let alone he requested specifically (as the statute requires) the Bureau of Prisons bring a motion for compassionate release on his behalf.  As a result, Defendant's motion must be denied at this time.  *See United States v. Clark*, No. CR11-3034-LTS, 2020 WL 4507325, at *4 (Aug. 5, 2020) (denying motion for compassionate release where movant failed to present any evidence to support his assertion he had properly exhausted administrative remedies); *see also Houck*, 2 F.4th 1082 ("Here, because the Government raised the exhaustion issue and Houck failed to exhaust his administrative remedies prior to filing the motion, the district court was required to dismiss Houck's motion without prejudice.")  Accordingly, Defendant's pro se motion for compassionate release (Doc. 27) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 26, 2021

2